UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALYCIA A. TAYLOR, | Case No.: 1:19 CV 1832 |
| Plaintiff | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| UNIVERSITY HOSPITALS OF CLEVELAND, INC., et al., | |
| Defendants | MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Plaintiff Alycia Taylor brings this medical malpractice action against three University Hospital entities and three doctors. (ECF No. 1). Plaintiff has filed a motion to proceed with the case *in forma pauperis* (ECF No. 2); that motion is granted.

In her Complaint, Plaintiff asserts four counts of negligence and medical malpractice against defendants concerning a surgery performed on February 5, 1999. (ECF No. 1). She claims that the court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). (*Id*. ¶ 5; ECF No. 1-1).

For the reasons that follow, this action is dismissed.

## II. STANDARD OF REVIEW

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam) (citing *Haines v. Kerner,* 404 U.S. 519 (1972)); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (*pro se* complaints are entitled to liberal construction) (citations omitted). That said, the court is not required to conjure unpleaded facts or construct claims on Plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

Federal courts are courts of limited jurisdiction and have authority to decide only the cases that the Constitution and Congress have empowered them to resolve. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Federal courts "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) (citations omitted).

Generally speaking, the Constitution and Congress have given federal courts authority over a case only when the case raises a federal question (28 U.S.C. § 1331) or when diversity of citizenship exists between the parties (28 U.S.C. § 1332). *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required."). Plaintiff, as the party bringing this action in federal court, bears the burden of establishing the court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted).

Plaintiff claims that 28 U.S.C. § 1332(a) is the basis for the court's subject matter jurisdiction over this case and that the amount in controversy exceeds the jurisdictional limit. (ECF No. 1 ¶ 5). Diversity jurisdiction is applicable to cases of sufficient value between citizens of different States. 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, a plaintiff must show that she is a citizen of one state and all of the defendants are citizens of other states. The citizenship of a natural person equates to her domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). A corporation, for diversity jurisdiction purposes, is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

Plaintiff alleges that she is a resident of Twinsburg, Ohio. (ECF No. 1 ¶ 1). She claims that University Hospital Cleveland Medical Center is an Ohio corporation with its principal place of business in Ohio, and the other defendant University Hospital entities have their principal place of business in Ohio. (*Id*. ¶¶ 2, 3, 4). Plaintiff alleges that the defendant doctors are medical providers at the defendant University Hospital entities, but does not separately identify their citizenship. (*See id*.).

Even with the benefit of liberal construction, there are no allegations in the Complaint from which the court may infer that Plaintiff has carried her burden to establish federal subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Nor has Plaintiff alleged a federal question and none is apparent on the face of the Complaint. In the absence of a cognizable federal question or a claim over which the court may exercise diversity jurisdiction, the court lacks subject matter jurisdiction. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction").

## IV. CONCLUSION

There being no claim asserted in the Complaint over which the court may exercise subject matter jurisdiction, this action is dismissed pursuant to Fed. R. Civ. P. 12(h)(3). Plaintiff's motion to proceed *in forma pauperis* is granted.

The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be good faith.[1]

IT IS SO ORDERED.           /s/ Solomon Oliver, Jr.
                            UNITED STATES DISTRICT JUDGE

December 31, 2019

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.